# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 02-5354**  September Term, 2004

01cv01530
02cv00631

Filed On: September 15, 2004

[848130]

In re: Richard B. Cheney, Vice President
of the United States et al.,
        Petitioners

_____

Consolidated with 02-5355, 02-5356

**BEFORE**: Ginsburg, Chief Judge, and Edwards[*], Sentelle, Henderson,[**] Randolph, Rogers, Tatel, Garland, and Roberts, Circuit Judges

## O R D E R

Upon consideration of the petitioners' motion for initial hearing en banc; the response thereto, which is contained in respondents' motion to govern future proceedings; and the reply, it is

**ORDERED** that the motion for initial hearing en banc be granted. These consolidated cases will be heard by the court sitting en banc. It is

**FURTHER ORDERED** that the following briefing schedule will apply:

| | |
|---|---|
| Petitioners' Brief & Appendix | October 20, 2004 |
| Respondents' Brief | November 22, 2004 |
| Petitioners' Reply Brief | December 7, 2004 |

Parties must hereafter file an original and nineteen (19) copies of all pleadings and briefs

---

[*] Circuit Judge Edwards concurs separately in the order granting the motion for initial hearing en banc. His separate statement is attached.

[**] Circuit Judge Henderson did not participate in this matter and will not take part in any future consideration of matters before the court involving these cases.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 02-5354**                                                                 **September Term, 2004**

submitted.  It is

**FURTHER ORDERED** that this case be scheduled for oral argument on Thursday, January 27, 2005, at 9:30 a.m. in Courtroom #20, Sixth Floor.

Because the briefing schedule is keyed to the date of argument, the court will grant requests for extension of time limits for briefs only for extraordinarily compelling reasons. Parties are strongly encouraged to hand deliver their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded if they are filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  *See* Fed. R. App. P. 25(a).  Briefs should be in final form.  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  *See* D.C. Cir. Rule 28(a)(7).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Cheri Carter
Deputy Clerk

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 02-5354**                                         **September Term, 2004**

EDWARDS, *Circuit Judge*, *concurring:* In vacating the judgment of the Court of Appeals and remanding the case for further proceedings consistent with its opinion, the Supreme Court's decision says, *inter alia*,

> under principles of mandamus jurisdiction, the Court of Appeals may exercise its power to issue the writ only upon a finding of "exceptional circumstances amounting to a judicial 'usurpation of power,'" [*Will v. U.S.*, 389 U.S. 90, 95 (1967)], or "a clear abuse of discretion," [*Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953)]. As this case implicates the separation of powers, the Court of Appeals must also ask, as part of this inquiry, whether the District Court's actions constituted an unwarranted impairment of another branch in the performance of its constitutional duties.

*Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 124 S. Ct. 2576, 2592 (2004). In their briefs to this court, the parties should address whether the District Court's disputed orders constituted an unwarranted impairment of another branch in the performance of its constitutional duties such that petitioners are entitled to a remedy of mandamus against the District Court to block discovery sought by respondents.

The Supreme Court's decision also states:

> [W]e leave to the Court of Appeals to address the parties' arguments with respect to the challenge to [*Ass'n of American Physicians & Surgeons, Inc. v. Clinton*, 997 F.2d 898 (D.C. Cir. 1993) (*AAPS*)] and the discovery orders. Other matters bearing on whether the writ of mandamus should issue should also be addressed, in the first instance, by the Court of Appeals after considering any additional briefs and arguments as it deems appropriate. We note only that all courts should be mindful of the burdens imposed on the Executive Branch in any future proceedings. Special considerations applicable to the President and the Vice President suggest that the courts should be sensitive to requests by the Government for interlocutory appeals to reexamine, for example, whether the statute embodies the *de facto* membership doctrine.

*Id.* at 2593. In their briefs to this court, the parties should address whether the "*de facto* membership doctrine," enunciated in *AAPS*, is founded on a permissible interpretation of the Federal Advisory Committee Act. If not, do respondents have a valid legal basis upon which to pursue their mandamus action against the petitioners in District Court?

No doubt, the parties will address other issues that they deem pertinent to the disposition of this matter. In my view, however, it is very important that the parties give careful attention to the foregoing questions.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 02-5354** **September Term, 2004**